UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDIA TAAMU, ) | |
| ) | CASE NO. C14-1271-RSM-MAT |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| CITY OF EVERETT, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, proceeding *pro se* and *in forma pauperis*, submitted a 28 U.S.C. § 2241 habeas corpus petition. (Dkt. 1-1.) The Court found the petition deficient in several respects and granted petitioner an opportunity to submit an amended petition on or before October 3, 2014. (Dkt. 6.) To date, the Court has not received an amended petition from petitioner. Accordingly, for the reasons discussed below, the Court recommends that petitioner's habeas petition be denied, and this action dismissed.

A petitioner must be "in custody" for the conviction she attacks. 28 U.S.C. §§ 2241(c), 2254(a). "[T]o satisfy the custody requirement, petitioner must demonstrate that [she] is subject to a significant restraint upon [her] liberty 'not shared by the public generally.'" *Dow v.*

REPORT AND RECOMMENDATION
PAGE -1

*Circuit Court*, 995 F.2d 922, 923 (9th Cir. 1993) (quoting *Jones v. Cunningham*, 471 U.S. 236, 240 (1963)).  Custody can be demonstrated, for example, by a showing that a petitioner is on probation, *see*, *e.g.*, *United States v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988), parole, *see*, *e.g.*, *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963), or supervised release, *see*, *e.g.*, *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).  The in custody requirement is jurisdictional and, therefore, must be considered at the outset by the Court.  *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010).  *See also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam).  In this case, petitioner is not incarcerated and gives no indication as to whether or how she is subject to a significant restraint upon her liberty.  Accordingly, petitioner's habeas petition should be dismissed for lack of subject matter jurisdiction.

Petitioner filed this action pursuant to 28 U.S.C. § 2241.  Under § 2241, this Court has jurisdiction to grant a writ of habeas corpus to an individual "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  However, as a state prisoner, petitioner must utilize 28 U.S.C. § 2254 to challenge either the execution of her sentence or the judgment and sentence itself.  *White v. Lambert*, 370 F.3d 1002, 1007-10 (9th Cir. 2004) (holding that "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).  Accordingly, in addition to her failure to satisfy the "in custody" requirement, petitioner failed to submit a proper habeas petition.

A petitioner for habeas corpus relief must name the state officer having custody of her

REPORT AND RECOMMENDATION
PAGE -2

as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). That person typically is the warden of the facility in which the petitioner is incarcerated. *Id*. Where the petitioner is on probation or parole, the proper respondent is her probation or parole officer and the official in charge of the parole or probation agency or the state correctional agency. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th cir. 1996) (citing Rule 2(b), 28 U.S.C. foll. § 2254). "In other cases, the petitioner may name the state attorney general." *Id*. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. *Stanley*, 21 F.3d at 360. In this case, petitioner improperly names the City of Everett as respondent.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (exhaustion includes presentation of each claim to the state's highest court); *accord James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993). In this case, petitioner indicates generally that she appealed her claims to both the Washington Court of Appeals and the Washington Supreme Court, but failed to comply with this Court's request that she provide further clarification as to the precise claims appealed to the state courts.

REPORT AND RECOMMENDATION
PAGE -3

01       For the reasons stated above, the habeas petition should be DENIED and this case
02 DISMISSED without prejudice. A proposed Order accompanies this Report and
03 Recommendation.

04       DATED this 17th day of October, 2014.

/s/ Mary Alice Theiler
Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4